Argued and submitted November 26, 1990, dismissal of counterclaim reversed and remanded; award of attorney fees reversed and remanded for further proceedings; otherwise affirmed April 17, 1991

## HERITAGE ENTERPRISES,
*Respondent,*

*v.*

## Ricardo SILVERIO
## and Silcor (USA) Inc.,
*Appellants.*

(A8711-06778; CA A60074)

809 P2d 703

Thomas W. Sondag, Portland, argued the cause for appellants. With him on the briefs was Lane Powell Spears Lubersky, Portland.

Charles R. Markley, Portland, argued the cause for respondent. With him on the brief was Greene & Markley, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendants appeal from the judgment in this contract action. They assign error to the judgment for plaintiff on its claim, to the dismissal of their counterclaim, to the assessment of attorney fees pursuant to ORCP 17, ORCP 46C and ORS 20.105, and to the amount of the undertaking on appeal set by the trial court. Only two assignments require discussion.

During the trial court proceedings, defendants' counterclaim was subject to an automatic stay because of plaintiff's bankruptcy. 11 USC § 362. Before trial, the court denied defendants' motion to dismiss the counterclaim without prejudice, pursuant to ORCP 54A(1). Defendants did not attempt to try the counterclaim. After trial, the court dismissed the counterclaim with prejudice. Defendants argue that the bankruptcy stay prevented them from proceeding on the counterclaim and that the court abused its discretion by denying their motion to dismiss it and by dismissing it with prejudice. We conclude that the dismissal with prejudice was beyond the court's authority under the circumstances and was reversible error. That conclusion moots defendants' contention that the court could or should have allowed their pretrial motion, and we do not discuss it.[1]

The award of attorney fees was based in part on the proceedings involving the counterclaim. It must therefore be reconsidered on remand. The trial court should also give appropriate consideration to *Mattiza v. Foster,* 311 Or 1, 803 P2d 723 (1990). Our disposition makes it unnecessary for us to decide defendants' other arguments regarding the award of attorney fees.

Dismissal of counterclaim reversed and remanded; award of attorney fees reversed and remanded for further proceedings not inconsistent with this opinion; otherwise affirmed.

---

[1] Plaintiff argues that defendants may not "invoke" the stay, because it is designed "for the sole protection of the debtor." It says that it "never asserted the protection of 11 USC § 362 nor [*sic*] requested the circuit court to dismiss or take any other action because of the alleged bankruptcy." Assuming, without deciding, the correctness of its legal premise, that representation is incorrect. Plaintiff pleaded the bankruptcy as an affirmative defense in its reply to defendants' counterclaim.

Plaintiff's action was specifically authorized in the bankruptcy proceeding.